UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTHONY JEROME McKNIGHT, *et al.*,

                Plaintiffs,         **MEMORANDUM AND ORDER**

      — against —                      08-CV-3896 (SLT)(LB)

DAWN MARIE MIDDLETON, *et al.*,

                Defendants.
-------------------------------------------------------------X
**TOWNES, United States District Judge:**

      In September 2008, plaintiff Anthony Jerome McKnight commenced this action against Dawn Marie Middleton and fifteen other defendants involved in a long-running custody dispute between Mr. McKnight and Ms. Middleton over their daughter, Elena. Although Mr. McKnight is proceeding *pro se*, his complaint also names as plaintiffs "a Class of *Pro Se* Litigants Similarly Situated in the County of Kings Family Court," "a Class of African-American Fathers Similarly Situated in the County of Kings Family Court," and a class of McKnight's "African-American Relatives Similarly Situated" (collectively, the "Class Plaintiffs"). Mr. McKnight's complaint seeks, *inter alia*, to "certify each of the class[es]" listed above pursuant to Rule 23 of the Federal Rules of Civil Procedure.

      On October 3, 2008, Magistrate Judge Lois Bloom issued an order stating that this Court had assigned the case to her "for all pre-trial purposes." *See McKnight v. Middleton*, No. 08-CV-3896 (SLT)(LB), slip op. at 1 (E.D.N.Y. Oct. 3, 2008). In that order, Magistrate Judge Bloom also denied *sua sponte* plaintiffs' request "to certify this action as a class action and allow [Mr. McKnight] to represent all those similarly situated." *Id*. at 1, n. 1. Relying principally on *Iannaconne v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), Magistrate Judge Bloom noted that *pro se* litigants in this Circuit are generally prohibited from "appear[ing] on another person's behalf in the other's cause," and held that Mr. McKnight could not "appear on behalf of other 'similarly

situated' persons . . . unless he is an attorney licensed to practice law." *Id*. Assuming that Mr. McKnight was not a licensed attorney, the magistrate directed the Clerk of Court to strike the Class Plaintiffs from the caption. *Id*.

On October 24, 2008, Mr. McKnight served this Court with a 13-page document entitled, "Plaintiff's Objections to Magistrate's Assignment and *Sua Sponte* Disposition of Class Action Claims" (hereinafter, "Plaintiff's Objections"). As the title suggests, this document raises two objections to Magistrate Judge Bloom's October 3, 2008, order. First, Mr. McKnight "objects to this case being assigned to Magistrate Judge Bloom without his consent." *See* Plaintiff's Objections at ¶ 5. Second, Mr. McKnight objects to that portion of Magistrate Bloom's order which dismissed the Class Plaintiffs. *Id*. at ¶ 6.

In the first of these objections, Mr. McKnight is not actually objecting to a ruling by Magistrate Judge Bloom, but arguing that this Court violated Rule 73(b) of the Federal Rules of Civil Procedure by referring the case to Magistrate Judge Bloom without Mr. McKnight's consent. Rule 73, however, only implements the provisions of 28 U.S.C. § 636(c), "which permit a magistrate [judge] to sit in lieu of a district judge and to exercise civil jurisdiction over a case, when the parties consent." *See* Fed. R. Civ. P. 73 advisory committee's note to 1983 addition; *see*, *generally*, 4 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3071 (2d ed. 1997). Rule 73 does not relate to references pursuant to 28 U.S.C. § 636(b), and does not require a district court to obtain consent before referring non-dispositive pretrial matters to a magistrate judge.

In this district, a magistrate judge is automatically assigned to matters other than those involving habeas corpus petitions, social security disability, motions to vacate sentences, forfeitures and reviews from the rulings of administrative agencies. *See* Local Civil Rules 16.1

and 72.2 of the United States District Court for the Southern and Eastern Districts of New York. Upon such assignment, the magistrate judge "is empowered to act with respect to all non-dispositive pretrial matters unless the assigned district judge orders otherwise." *See id*. Accordingly, when Magistrate Judge Bloom stated in her October 3, 2008, order that she had been "assigned this case . . . for all pretrial purposes," she meant to inform the parties that, by operation of Local Civil Rule 72.2, she was empowered to handle non-dispositive pretrial matters. Since this Court is permitted to refer such matters to a magistrate judge without either party's consent, Mr. McKnight's first objection is without merit.

The same cannot be said of Mr. McKnight's second objection, in which he argues that Magistrate Judge Bloom exceeded her authority by summarily denying plaintiffs' request to certify this as a class action and dismissing the Class Plaintiffs from the action. Under the express terms of 28 U.S.C. § 636(B)(1)(A), motions "to dismiss or to permit maintenance of a class action" are not among the pretrial matters which a magistrate judge can hear and determine. While such motions can be referred to a magistrate judge for a report and recommendation, *see* 28 U.S.C. § 636(B)(1)(B), no such referral was made in this case.

While this Court finds merit in Mr. McKnight's second objection, it fully understands Magistrate Judge Bloom's need to resolve the issue of who will represent the Class Plaintiffs. All parties must be represented before discovery can proceed. Yet, Plaintiff's Objections only create more confusion concerning representation of the Class Plaintiffs. Mr. McKnight insists that he "is not attempting to represent third parties," Plaintiff's Objections at 7 (emphasis omitted), and unequivocally states that he is "not seeking represent to any of the various classes as a lawyer." *Id*. at 9. However, by citing to *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991), for the proposition that a litigant may raise a claim on behalf of a third party if he or she

3

demonstrates, *inter alia*, "that he or she has a close relation with the third party, and that there exists some hindrance to the third party's ability to protect his or her own interests," Mr. McKnight suggests that he has third-party standing to represent class members.

## **CONCLUSION and ORDER**

Since this Court must resolve the representation issue before the case can proceed to discovery, it is hereby

**ORDERED**, that on or before January 23, 2009, Mr. McKnight must either retain counsel for the Class Plaintiffs or show cause why the Class Plaintiffs should not be dismissed from the action. To the extent that Mr. McKnight chooses the latter option, he must explain his relation to the Class Plaintiffs and why those plaintiffs are unable to protect their own interests. Mr. McKnight must also explain why this Court should create an exception to the general rule that a *pro se* litigant cannot represent another individual – not even his own child or grandchild. *See Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). If Mr. McKnight fails to comply with this order within the time allowed, this Court shall direct the Clerk of Court to strike the Class Plaintiffs from the caption.

Dated: Brooklyn, New York
       November 12, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge